■ In this particular case, plaintiff, who is housed in the SCDC's Adult Offender Center, (AOC), sues counselors Allen, Gibson and Tracy Robinson Woods, AOC director Linda K. Miller, Shelby County Corrections Director Ronald D. Bishop, and Robert Christie. This complaint, as with plaintiff's others, arises out of plaintiff's ongoing feud with counselors in AOC building 2. This particular complaint seems to concern the action of Woods and Gibson in assigning plaintiff to building 2, despite his protests that the counselors were biased against him, and their refusal to accede to his repeated demands to be transferred. The three and a half pages of allegations are not a complaint as contemplated by the Federal Rules of Civil Procedure, but akin to a disconnected and garbled diary of several days of events at the AOC. Federal courts are not obliged to sort through a jumbled and disorganized presentation in an attempt to guess at the basis of the claims of a *pro se* plaintiff. The contentions are essentially duplicative of the ones considered and rejected in the five companion cases filed with this pleading. The court finds that this document, like those, alleges no deprivation of any substantive constitutional right, nor any cognizable injury therefrom. At most, the complaints allege that this plaintiff is feuding with AOC and SCCC employees, that he dislikes some of those employees, and that they dislike him. There is no right to friendly and harmonious relationships between a prisoner and his custodians. This complaint lacks an arguable basis either in law or in fact, and is therefore frivolous. *See Denton v. Hernandez,* —— U.S. ——, ——, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992); *Neitzke v. Williams,* 490 U.S. 319, 325, 109 S.Ct. 1827, 1831–32, 104 L.Ed.2d 338 (1989).

As the complaint is frivolous, it is **DISMISSED** pursuant to 28 U.S.C. § 1915(d).

■ The final issue to be addressed is whether plaintiff should be allowed to appeal this decision *in forma pauperis.* Twenty-eight U.S.C. § 1915(a) provides that an appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith. As noted, the factual and legal issues in this case are duplicative of those previously rejected in plaintiff's simultaneously filed cases. The same considerations that lead the court to dismiss those cases as frivolous and certify any appeal of them as not taken in good faith compel the same conclusion here.

It is therefore **CERTIFIED,** pursuant to 28 U.S.C. § 1915(a), that any appeal in this matter by plaintiff, proceeding *in forma pauperis,* is not taken in good faith.

**IT IS SO ORDERED.**

**Joseph T. FILEC, Plaintiff,**

v.

**CHICAGO TRANSIT AUTHORITY, et al., Defendants.**

**No. 94 C 4273.**

United States District Court, N.D. Illinois, Eastern Division.

July 19, 1994.

---

1. About two years ago, Meadows filed seven complaints, all of which were dismissed as frivolous under section 1915(d):

*Meadows v. Dyson,* 92–2380–4 (W.D.Tenn.1992).
*Meadows v. McCoy,* 92–2378–G (W.D.Tenn.1992).
*Meadows v. Verner,* 92–2377–Tu (W.D.Tenn. 1992).
*Meadows v. Haynes,* 92–2376–H (W.D.Tenn. 1992).
*Meadows v. Suggs,* 92–2231–Tu (W.D.Tenn.1992).

*Meadows v. Bishop,* 92–2189–4 (W.D.Tenn.1992).
*Meadows v. Thomas,* 92–2187–G (W.D.Tenn. 1992).

For a time thereafter, it appeared that Meadows had been released, the court having not heard from him. In March, however, he reopened his correspondence with this district. His first case, *Meadows v. Bishop, et al.,* No. 94–2171–Ml/Bro, was dismissed as frivolous under *Hudson v. Palmer.* This series of complaints followed.

Joseph T. Filec, pro se.

*MEMORANDUM OPINION
AND ORDER*

SHADUR, Senior District Judge.

Joseph Filec ("Filec") has tendered a self-prepared Complaint, utilizing the form provided by the Clerk's Office for employment discrimination lawsuits under Title VII of the Civil Rights Act of 1964. Filec asks (1) for leave to proceed without payment of the filing fee and (2) for the appointment of a lawyer to represent him. For the reasons stated in this memorandum opinion and order, Filec's first motion is granted in part and denied in part, while his second motion is denied at this time.

Filec complains that he was discriminated against by Chicago Transit Authority ("CTA") in being denied the opportunity to return to work on February 11, 1993—a refusal that he says violated both the Americans with Disabilities Act of 1990 and the Age Discrimination in Employment Act of 1967. Filec's financial statement shows that he is unemployed and is receiving $911 monthly in Social Security disability benefits. In that respect it is a close question whether he does or does not qualify to be excused from paying the $120 filing fee, but this Court gives him the benefit of the doubt and grants him leave to proceed in forma pauperis.

That however does not carry over to the appointment of counsel to represent Filec. Although this Court of course recognizes that he cannot afford to pay a lawyer's regular hourly rates, this Court is equally well aware that there are lawyers who are

willing to undertake meritorious employment discrimination cases on a contingent basis. Filec's Motion for Appointment of Counsel does not really set out the nature and extent of his efforts to obtain a lawyer to represent him, and the brief statement that he does make there is insufficient to justify this Court's imposition of that responsibility and burden on a member of this District Court's trial bar. Accordingly that motion is denied—at least for the present.

■ To return to the grant of leave to Filec to proceed without payment of the filing fee, this Court is entitled to review his Complaint to determine whether it is "frivolous" in the legal sense defined in *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989) and most recently reconfirmed in *Denton v. Hernandez*, —— U.S. ——, ———— ————, 112 S.Ct. 1728, 1733–34, 118 L.Ed.2d 340 (1992). For that purpose it can distinguish among the numerous proposed defendants. In that respect:

1. There is no legal warrant for Filec's joining EEOC as a defendant just because he is disgruntled with its denial of his claim in conjunction with its issuance of a right-to-sue letter. Accordingly leave is *not* granted to proceed against EEOC, and no summons is to issue as against it.

2. Filec also seeks to name 11 CTA employees in addition to CTA itself as defendants. There is substantial disagreement among the judges in this District Court as to whether employees of a corporate employer may themselves be sued as an "employer" under the employment discrimination statutes. But even where such suits are deemed permissible, naming of the numerous individuals would not be permitted in the situation that is set out in Filec's Complaint—if he is entitled to relief, it would be readily available from CTA itself.

Accordingly Filec's grant of leave to proceed without payment of the filing fee is limited to suit against CTA alone, and that is the only summons that will issue.