Kevin C. DONOHOE, Plaintiff,

v.

**FOOD LION STORES, INC., Defendant.**

No. 2:02–CV–0080–RWS.

United States District Court,
N.D. Georgia,
Gainesville Division.

March 19, 2003.

Kevin C. Donohoe, Ellijay, GA, pro se.

Randy C. Gepp, Hollowell Foster & Gepp, Atlanta, GA, Karen Marie Patten, Law Office of Karen M. Patten, Atlanta, GA, for Defendant.

### ORDER

STORY, District Judge.

This case is before the Court for consideration of Plaintiff's Motion for Appointment of Counsel [17–1]. After reviewing the record, the Court enters the following Order.

### FACTUAL BACKGROUND

On June 5, 2002, Plaintiff brought this *pro se* action alleging violations of the Americans with Disabilities Act (ADA) of 1990, Pub.L. No. 101–336, 104 Stat. 327 (codified as amended in scattered sections of 2, 29, & 42 U.S.C.).[1] While employed at Defendant's Ellijay store in May 2001, Plaintiff was diagnosed with cancer. Plaintiff advised his supervisor that he would have to undergo chemotherapy. Shortly after informing his supervisor of his diagnosis, Plaintiff was out of work for sixteen days for a liver biopsy. When Plaintiff returned to work, Mark Talbot, the regional human resources manager, suspended Plaintiff for an alleged act of sexual harassment. Plaintiff was subsequently demoted, transferred to the Blue Ridge store, and had his pay reduced. After the transfer to Blue Ridge, Alan Berry, the manager at Blue Ridge, harassed Plaintiff. Plaintiff complained to Mark Talbot and Tom Anderson, the district manager, who then transferred Plaintiff to Defendant's Chatsworth store. At Chatsworth, Mitch Napier, the store manager, harassed Plaintiff and reduced his hours from forty hours per week to thirty-two hours per week.

Defendant denies any discrimination against Plaintiff.[2] A sexual harassment complaint was lodged against Plaintiff at the Ellijay store, and he was demoted and transferred to the Blue Ridge store following an investigation of the complaint. Though Defendant's management was aware of Plaintiff's diagnosis, the diagnosis played no part in the employment actions taken against Plaintiff. When Plaintiff complained that he was harassed at the Ellijay store, he was transferred to the Chatsworth store in an effort to resolve his complaint. At Chatsworth, Plaintiff was disciplined for a failure to comply with a written dress code.

---

1. Plaintiff's contentions are taken from the Complaint [1–1].

2. Defendant's contentions are taken from the Defendant's Initial Disclosures [10–1].

## DISCUSSION

In his motion, Plaintiff states he has contacted numerous attorneys in an effort to retain counsel but has not found an attorney who will take his case. Plaintiff further states that he lacks knowledge of the applicable law and procedures and does not understand how to proceed with his case. Plaintiff believes his case has merit and that he would prevail against Defendant if he had competent counsel.

 The ADA incorporates several provisions of Title VII, thereby affording courts discretion to appoint counsel. *See* 42 U.S.C. § 12117 (incorporating the "powers, remedies, and procedures set forth in sections 2000e–4, 2000e–5, 2000e–6, 2000e–8 and 2000e–9 of this Title [42]"). Thus, "[u]pon application by the complainant and in such circumstances as the court may deem just, the court may appoint an attorney for such complainant[.]" *Id.* § 2000e–5(f)(1). "An ADA plaintiff has no absolute right to an appointed counsel. Rather, the decision of whether to provide counsel lies solely within the discretion of the court." *Johnson v. City of Port Arthur*, 892 F.Supp. 835, 839 (E.D.Tex.1995).

The discretion granted to the district court is extremely broad. To guide such discretion, several circuits have identified three factors to be considered when evaluating motions for appointment of counsel in Title VII cases: (1) plaintiff's ability to afford counsel; (2) plaintiff's diligence in searching for counsel; and (3) the merits of plaintiff's case.

Other jurisdictions have identified as a fourth factor, the plaintiff's capacity to prepare and present the case without the aid of counsel.

．　　．　　．　　．　　．

The decision whether to appoint counsel requires accommodation of two competing considerations. First, the court must consider Congress's special concern with legal representation in Title VII actions. In enacting the attorney appointment provision in the Civil Rights Act of 1964 and later reaffirming the importance of that provision in the legislative history of the Equal Employment Opportunity Act of 1972, Congress demonstrated its awareness that Title VII claimants might not be able to take advantage of the federal remedy without appointed counsel....

At the same time, the court must keep in mind that Congress has not provided any mechanism for compensating such appointed counsel. Thoughtful and prudent use of the appointment power is necessary so that willing counsel may be located without the need to make coercive appointments. The indiscriminate appointment of volunteer counsel to undeserving claims will waste a precious resource and may discourage attorneys from donating their time...

*Castner v. Colo. Springs Cablevision*, 979 F.2d 1417, 1420–21 (10th Cir.1992) (internal citations and quotations omitted). The Court now considers each of the factors for determining whether Plaintiff is entitled to appointed counsel.

### A. Ability to Afford Counsel

 The determination whether a plaintiff can afford counsel requires a review of the plaintiff's basic income and expenses:

A litigant need not be destitute to qualify for appointed counsel under this section. Rather, the court should examine the plaintiff's ability to hire counsel and still meet his or her daily expenses. The inquiry into a plaintiff's financial inability is less stringent than that required for the general in forma pauperis statute, 28 U.S.C. § 1915(d).

*Id.* at 1421–22 (internal citations omitted).

Because this action was not brought *in forma pauperis*, Plaintiff has not provided to the Court an affidavit setting out his

financial circumstances. If, after considering each of the other factors, the Court determined Plaintiff may be entitled to appointed counsel, Plaintiff would be required to submit additional evidence to the Court concerning his financial status. However, in light of the Court's findings as to the other factors, additional evidence will not be required from Plaintiff.

## B. Efforts to Secure Counsel

Courts should evaluate several factors in determining whether a plaintiff has made reasonable efforts to secure counsel:

> Although not required to exhaust the legal directory, a plaintiff must demonstrate that he or she has made a reasonably diligent effort under the circumstances to obtain counsel. Factors to be considered include the number of attorneys contacted, the availability of counsel in the geographical area who represent employment discrimination claimants, and the plaintiff's possible skill or lack of skill at obtaining such help.

*Id.* at 1422 (internal citations and quotations omitted).

Though Plaintiff has stated he made efforts to employ counsel, he has failed to specify even the number of contacts he has made. The evidence provided by Plaintiff would be insufficient for the Court to determine if he has satisfied this factor. However, again in light of the Court's findings below, the Court will not require Defendant to submit additional evidence concerning this factor.

## C. Evaluation of the Merits

The Eastern District of Texas has explained the level of scrutiny appropriate to an evaluation of the merits for the purposes here:

> Examination of potential merits is most important, considering the unfairness of imposing involuntary servitude

upon a member of the bar in a patently frivolous case. This factor also is the most difficult to apply.

When considering the merits, the determination reached by the EEOC should not be ignored. On the other hand, the court cannot give preclusive effect to the EEOC determination. The court should inquire as to the validity of the EEOC's determination.

Examination of the merits *sua sponte* before the defendant has been required to answer is akin to a frivolousness review of a general *in forma pauperis* proceeding. The procedure cannot serve as a factfinding process for the resolution of disputed facts.

Reduced to simplest terms, frivolous suits are those without an arguable basis in law or fact. Thus, the duty to screen for frivolousness includes responsibilities to determine first whether the case is based on a recognized legal theory, and second, to make an initial assessment of the movant's factual allegations in light of what movant must eventually prove at trial if movant is to recover on that theory. The court may not construct arguments or legal theories for the plaintiff, but the plaintiff's complaint is to be construed liberally when, as here, the plaintiff is *pro se*.

The initial assessment of plaintiff's alleged facts must be weighed in plaintiff's favor, i.e. the court must accept as true the facts alleged by plaintiff unless they rise to the level of the irrational or the wholly incredible. Weighing in plaintiff's favor also means indulging all reasonable inferences in movant's behalf. Therefore, if plaintiff's alleged facts are not clearly baseless, and if proven they would support a recognized legal theory of recovery, plaintiff must be given an opportunity to commence the action, irrespective of costs.

*Johnson,* 892 F.Supp. at 840–841 (internal citations omitted).

Construing the facts favorably to Plaintiff, his claims are not frivolous. "In order to establish a *prima facie* case of discrimination in violation of the ADA, the plaintiff must prove that (1)[he] has a disability; (2)[he] is a qualified individual; and (3)[he] was subjected to unlawful discrimination because of [his] disability." *Morisky v. Broward Co.,* 80 F.3d 445, 447 (11th Cir. 1996). Plaintiff has made allegations which, if sustained, would support a finding that he was disabled, or at least perceived as disabled; that he was qualified for his position; and that he was demoted because of his disability. Thus, based on Plaintiff's allegations, he appears to have a meritorious claim.

Because Defendant has filed responsive pleadings, however, the Court deems it proper to at least consider the defenses asserted by Defendant in evaluating the merits of the case. Again, because the Court is considering assigning this case to an attorney when, according to Plaintiff, numerous attorneys have turned down the case, the Court feels compelled to fairly consider the merits of the case in light of both parties' contentions. Defendant contends that the employment actions taken against Plaintiff were the result of a sexual harassment complaint lodged against Plaintiff. Defendant alleges it investigated the complaint and found credible evidence supporting the charge. Further, Defendant has disclosed both the alleged victim and witnesses who support the sexual harassment allegations. If proven, these allegations would constitute a legitimate nondiscriminatory reason for Defendant's actions and would defeat Plaintiff's claim. Though Plaintiff may be able to establish a *prima facie* case, these allegations raise serious questions about the actual strength of Plaintiff's case.

**D. Ability to Present Case Without Counsel**

"Finally, in determining the litigant's ability to present his or her case without the aid of counsel, the court should look to the complexity of the legal issues and plaintiff's ability to gather and present crucial facts." *Castner,* 979 F.2d at 1422. Based upon the analysis in the preceding section, the sexual harassment claim against Plaintiff is likely to be the critical issue in the case. The presentation of evidence and arguments on this issue are not so complex that Plaintiff cannot handle them on his own. Judging by his motion, Plaintiff is more overwhelmed by the volume of paper involved in the litigation than by the complexity of the issues involved. To this point, Plaintiff is adequately representing himself in the case, and the Court sees no reason why Plaintiff cannot continue to adequately represent himself

*CONCLUSION*

Based on the foregoing analysis, the Court finds Plaintiff is not entitled to appointed counsel. Therefore, Plaintiff's Motion for Appointment of Counsel [17–1] is hereby **DENIED.**