Curtis Ann JAMES, Plaintiff,

v.

TEXAS DEPARTMENT OF HUMAN SERVICES, Jim Strickland, Linda Franco, Lavern Anderson, Leslie Lyman, Defendants.

Civ. No. 3:92–CV–2481–H.

United States District Court, N.D. Texas, Dallas Division.

April 22, 1993.

Curtis Ann James, pro se.

Stephen H. Gardner, Supervising Atty., Dallas, TX, for plaintiff.

Christopher Johnson, Atty. Gen. of Texas, General Litigation Div., Austin, TX, for defendants.

## MEMORANDUM OPINION AND ORDER

SANDERS, Chief Judge.

Before the Court are Defendants' Amended Partial Motion to Dismiss, and supporting brief, filed March 12, 1993; Plaintiff's Response in Opposition to Defendants' Amended Partial Motion to Dismiss, filed April 1, 1993; and Defendants' Reply to Plaintiff's Response, filed April 16, 1993.

## I. BACKGROUND

This is an employment discrimination suit. On November 27, 1992, Plaintiff filed this case *pro se* for damages, equitable relief, and attorney's fees. She alleges that Defendants are discriminating against her in retaliation for her charge of discrimination, filed in 1989 and settled by the parties in early 1990. Plaintiff alleges, too, that Defendants have breached the 1990 settlement agreement by reassigning her from her position as receptionist to a position that allegedly does not reasonably accommodate her known visual impairment.

On January 19, 1993, the Court informed Plaintiff of its intention to dismiss all of her claims except the cause of action under Title VII, 42 U.S.C. § 2000e *et seq.* See Fed. R.Civ.P. 12(b)(1) & (6). The Court allowed her the opportunity, however, to amend her Complaint to avoid such dismissal. Plaintiff obtained counsel and filed an Amended Complaint on February 16, 1993. Defendants now renew their partial motion to dismiss all but Plaintiff's claim under Title VII. For the reasons given below, the motion is GRANTED IN PART and DENIED IN PART.

## II. ANALYSIS

### A. TEXAS COMMISSION ON HUMAN RIGHTS ACT

In her Amended Complaint, Plaintiff claims that Defendants' actions have violated the Texas Commission on Human Rights Act ["Human Rights Act," or "the Act"], Tex. Rev.Stat.Ann. art. 5221k (West 1987). Defendants claim immunity to suit under the Eleventh Amendment to the Constitution of the United States.[1] In opposition, Plaintiff argues that the state has waived its immunity. The Court disagrees.

---

1. Plaintiff sues the individually named Defendants in their official capacities only. Plf's Amd. Compl. at 3. Accordingly, all Defendants may invoke sovereign immunity as a defense. *See Brandon v. Holt,* 469 U.S. 464, 472–73, 105 S.Ct. 873, 878, 83 L.Ed.2d 878 (1985) (equating the liability of an official sued in his or her official capacity with the liability of the entity the official represents).

The Eleventh Amendment provides: "The Judicial Power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another State, or Citizens or Subjects of any Foreign State." The Supreme Court has construed the Amendment under principles of sovereign immunity to establish that a state is generally immune from any lawsuit brought in the federal courts. *See Pennhurst State Sch. and Hosp. v. Halderman,* 465 U.S. 89, 100, 104 S.Ct. 900, 907–08, 79 L.Ed.2d 67 (1984).

■ A state may of course waive its immunity. *Atascadero State Hosp. v. Scanlon,* 473 U.S. 234, 105 S.Ct. 3142, 87 L.Ed.2d 171 (1985). A state does not, however, necessarily waive its Eleventh Amendment immunity to suit in federal court by consenting generally to suit in its own courts. *Port Authority Trans–Hudson Corp. v. Feeney,* 495 U.S. 299, 306, 110 S.Ct. 1868, 1873, 109 L.Ed.2d 264 (1990). To waive immunity to federal suit, a state "must specify [its] intention to subject itself to suit in *federal court.*" *Feeney,* 495 U.S. at 306, 110 S.Ct. at 1873 (quoting *Atascadero,* 473 U.S. at 241, 105 S.Ct. at 3146) (emphasis in original). A particularly strict standard applies: immunity to suit in federal court is waived only by "the most express language or by such overwhelming implication from the text as [will] leave no room for any other reasonable construction." *Id.* 495 U.S. at 305–06, 110 S.Ct. at 1873 (quoting *Atascadero,* 473 U.S. at 239–40, 105 S.Ct. at 3146).

For example, the Supreme Court in *Feeney* examined a state statute creating a Port Authority. *See id.* The Court noted first that the expansive language creating a general waiver of immunity to suit against the Authority sufficed only to establish consent to suit in the courts of the state. *See id.* at 306, 110 S.Ct. at 1873. The Court went on, however, to highlight a separate provision allowing venue in certain federal district courts. Ultimately, in a 5–4 decision, the Court found that the state had waived immunity to federal suit for the sole reason that any other result would render the venue provision meaningless. *See id.* at 308–09, 110 S.Ct. at 1874.

■ In this case, no such finding is warranted. The Human Rights Act creates a cause of action in Texas for employment discrimination. *See* Tex.Rev.Stat.Ann. art. 5221k, § 5.01. Because state agencies are included in the list of "employers" subject to liability, the Act generally waives the state's immunity to suit. *See* Tex.Rev.Stat.Ann. art. 5221k, § 2.01. In no provision of the Act, however, does the state expressly consent to suit in federal court. Moreover, unlike the statute in *Feeney,* no provision compels such an inference.

Plaintiff is correct in arguing that the Texas legislature did not in the Human Rights Act limit its general waiver to suits brought in state courts only. *See* Tex.Rev.Stat.Ann. art. 5221k, §§ 2.01, 5.01, 7.01. Nevertheless, under the Supreme Court's strict standard, such an omission is clearly not the equivalent of affirmative consent. *See Atascadero,* 473 U.S. at 239–41, 105 S.Ct. at 3146; *Feeney,* 495 U.S. at 306, 110 S.Ct. at 1873. It is true that the Act invokes federal law in its stated general purpose: "to provide for the execution of the policies embodied in Title VII . . . and to create an authority that meets the criteria under 42 U.S.C. [§] 2000e–5(c) and 29 U.S.C. [§] 633." Tex.Rev.Stat.Ann. art. 5221k, § 1.02. In furtherance of that purpose, the statute creates the Texas Human Rights Commission, state administrative remedies, and a state-law cause of action for employment discrimination. *See* Tex.Rev. Stat.Ann. art. 5221k, §§ 3.01, 7.01. Notwithstanding the invocation of federal statutes, the Texas legislature's implementation of federal policies is not tantamount to an express consent to federal suit. Neither the purpose of the statute nor any of its provisions would be frustrated should the statute's enforcement be confined to the state courts.

Accordingly, the Court holds that the State of Texas has not by a general waiver of immunity in its Human Rights Act consented to suit in federal court. Plaintiff's claim under the Act is barred by the Eleventh Amendment; it is therefore DISMISSED for lack of subject matter jurisdiction. *See* Fed. R.Civ.P. 12(b)(1).

*B. 42 U.S.C. §§ 1983, 1985 & 1986*

Plaintiff agrees to dismissal of her Fifth and Sixth causes of action, which she brings

in her Amended Complaint under Sections 1983, 1985, and 1986 of Title 42, United States Code. Defendant supports the dismissal. Accordingly, these claims are hereby DISMISSED. *See* Fed.R.Civ.P. 41(a)(2).

## C. BREACH OF CONTRACT

 In her Amended Complaint, Plaintiff alleges that Defendants have breached the 1990 settlement agreement resolving the prior Title VII dispute between the parties. As Defendants concede, an action to enforce the settlement is itself actionable under Title VII. *See E.E.O.C. v. Safeway Stores, Inc.,* 714 F.2d 567, 571–72 (5th Cir.1983), *cert. denied,* 467 U.S. 1204, 104 S.Ct. 2384, 81 L.Ed.2d 343 (1984); *Eatmon v. Bristol Steel & Iron Works, Inc.,* 769 F.2d 1503, 1509 (11th Cir.1985). Plaintiff's breach of contract claim is therefore not subject to dismissal for failure to state a claim or for lack of subject matter jurisdiction. *See* 28 U.S.C. § 1331; Fed.R.Civ.P. 12(b)(1); 12(b)(6).

## D. AMERICANS WITH DISABILITIES ACT

In Plaintiff's final claim, she asserts a violation of the Americans with Disabilities Act ["ADA"], 42 U.S.C. § 12101 *et seq.* Plaintiff alleges that on December 7, 1992, Defendants removed her from her receptionist position and transferred her to the position of transfer clerk. She contends that the new position requires visual tasks that cause her discomfort. That reassignment denied her, she argues, the reasonable accommodation of her known visual impairment, in violation of the ADA. *See* 42 U.S.C. § 12112(b)(5)(A). Defendants argue for dismissal of the ADA claim for failure to exhaust administrative remedies. *See* 42 U.S.C. § 12117.

 In her Amended Complaint, Plaintiff does not allege full exhaustion of administrative remedies after the date her cause of action under the ADA arose. Plaintiff represents to the Court, however, that the Texas Human Rights Commission has recently authorized issuance of a right-to-sue letter for her ADA claim. Plf's Resp. at 6. On her receipt of the letter and its submission to the Court, Plaintiff's administrative remedies will be deemed exhausted. *See Pinkard v. Pull-*

*man–Standard, Div. of Pullman, Inc.,* 678 F.2d 1211, 1215 (5th Cir.1982) (holding that a right-to-sue letter is not a jurisdictional requirement but rather a condition precedent, which can be fulfilled after filing suit), *cert. denied,* 459 U.S. 1105, 103 S.Ct. 729, 74 L.Ed.2d 954 (1983).

 In the interests of justice, the Court grants leave for Plaintiff to amend her Amended Complaint to reflect the exhaustion of administrative remedies. *See* Fed. R.Civ.P. 15(a). Should she be unable to do so prior to the amendment deadline in the forthcoming Scheduling Order, the Court will dismiss her cause of action under the ADA at that time.

## III. CONCLUSION

For the reasons given above, Plaintiff's claim under the Texas Human Rights Act is DISMISSED for lack of subject matter jurisdiction. Her causes of action under 42 U.S.C. §§ 1983, 1985 & 1986 are voluntarily DISMISSED.

As to those claims, Defendants' motion is GRANTED; in all else, it is DENIED.

For trial in this case are Plaintiff's causes of action for breach of contract and for violations of Title VII and the ADA.

SO ORDERED.