**Mara HINERMAN, Appellant,**

v.

**GUNN CHEVROLET, Appellee.**

No. 04–94–00027–CV.

Court of Appeals of Texas, San Antonio.

May 11, 1994.

Jeffrey S. Bernstein, San Antonio, for appellant.

Jonathan Yedor, San Antonio, for appellee.

Before CHAPA, C.J., and RICKHOFF and STONE, JJ.

## OPINION

STONE, Justice.

Mara Hinerman appeals the grant of an adverse summary judgment in her wrongful termination claim against her former employer, Gunn Chevrolet. Hinerman contends that Gunn fired her in violation of article 8307c of the Texas Workers' Compensation Act, which provides in part:

> No person may discharge or in any other manner discriminate against any employee because the employee has in good faith filed a claim, hired a lawyer to represent him in a claim, instituted, or caused to be instituted, in good faith, any proceeding under the Texas Workers' Compensation Act, or has testified, or is about to testify in any such proceeding.

Act of May 7, 1971, 62nd Leg., R.S., ch. 115, 1971 TEX.GEN.LAWS 884, *repealed by* Act of May 22, 1993, 73rd Leg., R.S., ch. 269, § 1, 1993 TEX.GEN.LAWS 987 (current version at TEX.LAB.CODE ANN. § 451 (Vernon Supp. 1994)). It is uncontroverted that Gunn is a nonsubscriber under the Act. We reverse in part and affirm in part, and remand this cause to the trial court.

### I. Standard of Review

■ The party moving for summary judgment has the burden of showing that no genuine issue of material fact exists, and that it is entitled to judgment as a matter of law. In deciding whether a disputed material fact issue precludes summary judgment, the reviewing court will take as true all evidence favoring the non-movant. Every reasonable inference from the evidence will be indulged in favor of the non-movant, and any doubts will be resolved in its favor. TEX.R.CIV.P. 166a(c); *Nixon v. Mr. Property Management Co., Inc.*, 690 S.W.2d 546, 548–49 (Tex. 1985). If the judgment granting the motion for summary judgment does not specify upon

which ground it is based, to obtain reversal, the appellant must show that all of the independent grounds alleged are insufficient to support the judgment. *Rogers v. Ricane Enters., Inc.,* 772 S.W.2d 76, 79 (Tex.1989); *Sipes v. Petry and Stewart,* 812 S.W.2d 428, 430 (Tex.App.—San Antonio 1991, no writ); *Tilotta v. Goodall,* 752 S.W.2d 160, 161 (Tex. App.—Houston [1st Dist.] 1988, writ denied).

## II. Facts

Hinerman filed a written response to the motion for summary judgment, but filed no controverting affidavits. Rather, she objected to the form of the affidavit relied upon by Gunn, and relied upon her own deposition testimony, which was made a part of the summary judgment record by Gunn. The record reveals that Hinerman was injured while driving one of Gunn's automobiles during the course of her job. She immediately reported the incident and the fact that she had been injured to her supervisor. Hinerman required physical therapy for her injury and informed her employer of her on-going medical treatment. She testified in her deposition that she felt that Gunn was uncooperative in allowing her sufficient time off from work to attend therapy sessions.

Gunn presented summary judgment evidence that Hinerman was fired for leaving work early without permission, and Hinerman admitted that this was the reason given to her for her termination. Hinerman further stated, however, that she had permission to leave early, and that she had reason to believe that her termination was based upon her absence from work while she received medical treatment for injuries sustained in her on-the-job accident. It is uncontroverted that Hinerman made her first written claim for compensation benefits after she was terminated from employment.

## III. Workers' Compensation Act—Article 8307c

Although the Texas Worker's Compensation Act does not provide compensation to an injured employee whose employer is not a subscriber, it does give all employees certain benefits, including protection from discrimination and retaliation, as set forth in article 8307c. Article 8307c is to be liberally construed, and has been held to apply to the employees of subscribers and nonsubscribers equally. *Hodge v. BSB Invs., Inc.,* 783 S.W.2d 310, 313 (Tex.App.—Dallas 1990, writ denied). If this statute is truly to protect employees of subscribers and nonsubscribers equally, we feel the same standards for what constitutes instituting a proceeding under the Act should apply to each.

An employee who informs their employer of a work-related injury, or the fact that they are seeking medical treatment for such injury, has taken sufficient steps to institute a proceeding under article 8307c. *Hunt v. Van Der Horst Corp.,* 711 S.W.2d 77, 80 (Tex. App.—Dallas 1986, no writ). In the instant case Hinerman has presented summary judgment evidence that she informed her employer both of her work-related injury and of her need for medical treatment.

The employee must present some evidence from which a jury could find a causal connection between the employee's claim for benefits under the Act and their termination. The employee need not prove that the claim for benefits was the sole cause of termination; rather, the burden is merely to show a causal connection between the discharge and the claim for benefits. *Investment Properties Management, Inc. v. Montes,* 821 S.W.2d 691, 694 (Tex.App.—El Paso 1991, no writ). Circumstantial evidence can be used to establish this connection. Some of the circumstances which may be used include knowledge of the claim by those making the decision to terminate and a negative attitude toward the employee's injured condition. *Paragon Hotel Corp. v. Ramirez,* 783 S.W.2d 654, 658 (Tex.App.—El Paso 1989, writ denied). It is undisputed that Gunn knew of Hinerman's work-related injury and her medical treatment, which is tantamount to knowledge of her "claim" under the *Hunt* decision. Further, Hinerman has raised a fact issue regarding Gunn's negative attitude toward her injured condition, specifically testifying that on the day she was fired for leaving work early, she had permission to do so because of her injury. Additionally, Hinerman stated in her deposition that Gunn had been critical of her for leaving work in

order to receive physical therapy for her injury. Under the summary judgment record before us, Hinerman has raised a fact issue regarding any causal connection that may exist between her discharge from employment and her claim for benefits arising from her on-the-job injury.

Appellee cites *Palmer v. Miller Brewing Co.*, 852 S.W.2d 57 (Tex.App.—Fort Worth 1993, no writ), for the proposition that the employee of a nonsubscriber must do more than inform their employer of their injury in order to meet the standard of article 8307c. *Palmer,* however, turned not on what was legally sufficient to institute a claim, but on the evidence needed to establish a causal connection. *Id.* at 63. In *Palmer* the uncontroverted evidence was that the manager who fired Palmer did not know of the injury, and no evidence was presented that he had a negative attitude toward Palmer's injury. Allowing all reasonable inferences in favor of the non-movant in this case, Hinerman has presented evidence that her employer knew of the injury, knew she was seeking medical treatment, and had shown a negative attitude toward her injury on at least one occasion. Hinerman has sufficiently raised a fact issue as to whether her termination was related to a claim for compensation for her injury.

At oral submission of this case counsel for Gunn argued that the summary judgment was proper because Hinerman could never succeed in her wrongful termination claim since she could not establish negligence on the part of Gunn in causing her injuries. We note that Hinerman testified in her deposition that she did not believe that Gunn was responsible for her injuries. Violation of article 8307c, however, is a separate tort. Whether Hinerman can ultimately establish a successful case on the underlying compensation claim is not before this court. Further, Gunn's argument was not presented in its motion for summary judgment, and therefore cannot be considered on appeal.

Hinerman does not challenge the trial court's summary judgment on her claims for breach of an implied duty to provide workers' compensation benefits and for intentional infliction of emotional distress. These grounds of the summary judgment are therefore affirmed.

Accordingly, the judgment of the trial court is reversed in part and affirmed in part, and the cause is remanded for trial.