Howard L. OTIS, Plaintiff,

v.

**CANADIAN VALLEY–REEVES MEAT CO., an Oklahoma Corporation, Defendant.**

No.   CIV–93–2267–C.

United States District Court, W.D. Oklahoma.

July 22, 1994.

David E. Burja, Oklahoma City, OK, for plaintiff Howard L. Otis.

Kenneth W. Turner, Turner Turner & Braun, Oklahoma City, OK, for defendant Canadian Valley–Reeves Meat Co., an Oklahoma Corp.

## *ORDER*

CAUTHRON, District Judge.

Defendant Canadian Valley–Reeves Meat Company moves to dismiss plaintiff's claim of race discrimination for failure to exhaust administrative remedies and moves for summary judgment on plaintiff's claim for a violation of the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.* Plaintiff has responded in objection and this motion is at issue.

Plaintiff Howard L. Otis was performing his duties as a loader at Canadian Valley–Reeves Meat Company when he aggravated a preexisting injury in his shoulder. Plaintiff took some time off work and upon his return was under a twenty-five pound lifting restriction for three weeks and thereafter a seventy pound lifting restriction. Plaintiff claims his

injury was aggravated because Canadian Valley assigned him work that was beyond his physical capabilities, and that Canadian Valley's failure to transfer him to a "sedentary" position in their kitchen resulted in his being forced to quit. Canadian Valley points out that it made every effort to accommodate plaintiff's physical condition according to the recommendations of his physician by assigning him light duty work such as cleaning and making boxes.

On December 9, 1992, plaintiff filed a charge of discrimination against Canadian Valley with the Oklahoma Human Rights Commission ("EEOC"). That charge reads, "due to the lack of accommodation, I was forced to resign from the position of loader, effective October 6, 1992." No allegations of race discrimination were made in the EEOC charge. The charge was investigated by the EEOC, and they found no merit to the allegations of discrimination based on disability. Plaintiff's complaint seeks relief for alleged violations of the ADA and for race discrimination.

### Discussion

### A. Failure To Exhaust Administrative Remedies

■ On December 27, 1993, over a year after plaintiff filed his claim for disability discrimination with the EEOC, he raises allegations of race discrimination. The law is clear that failure to assert a claim in the EEOC charge of discrimination bars a subsequent civil suit based on that claim. *Archuleta v. Colorado Dept. of Insts.*, 936 F.2d 483, 488 (10th Cir.1991) (affirming dismissal of sexual harassment claim because the underlying EEOC charge of retaliation did not encompass a sexual harassment claim). Where, as here, an attempt is made to include in the complaint allegations other than those contained in the charge filed with the EEOC, the action must be treated as one without a previous resort to the administrative process. In this situation, the Court must dismiss that claim. Accordingly, any claim based on putative racial discrimination is hereby dismissed. *See* 42 U.S.C. § 2000e–5(b). Canadian Valley's motion to dismiss

plaintiff's claim of race discrimination is GRANTED.

### B. ADA Claim

Plaintiff claims that Canadian Valley violated the ADA by failing to assign him "sedentary" work in the company's kitchen. Plaintiff's physician released him to return to work as a loader and imposed a twenty-five pound lifting restriction for the first three weeks of work and thereafter a seventy pound lifting restriction. Canadian Valley accepted this recommendation by assigning plaintiff light duty such as cleaning and making boxes. After performing these duties for a short time, plaintiff concluded that this accommodation was inadequate and he quit.

■ Although the Court will construe the facts and inferences drawn from the record before it in the light favoring the nonmovant, "[e]ven under this standard there are cases where the evidence is so weak that the case does not raise a genuine issue of fact." *Burnette v. Dow Chemical Co.*, 849 F.2d 1269, 1273 (10th Cir.1988). The question in a case for summary judgment is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–52, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient." To defeat a motion for summary judgment, "there must be evidence on which the jury could reasonably find for the plaintiff." *Id.* at 252, 106 S.Ct. at 2512. "Summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 327, 106 S.Ct. 2548, 2555, 91 L.Ed.2d 265 (1986), quoting from Fed.R.Civ.P. 1.

■ To establish a prima facie case of intentional disability discrimination under the ADA, plaintiff must show (1) he timely filed a charge with the EEOC; (2) he is a "disabled person" under the ADA; (3) he was other-

wise qualified for his job; and (4) he was terminated because of his disability. *Bolton v. Scrivner, Inc.,* 836 F.Supp. 783, 787–89 (W.D.Okla.1993); *see also EEOC v. AIC Sec. Investigation,* 820 F.Supp. 1060 (N.D.Ill. 1993); *James v. Texas Dep't of Human Servs.,* 818 F.Supp. 987 (N.D.Tex.1993); and *Kent v. Director, Missouri Dep't of Elementary & Secondary Educ. and Div. of Vocational Rehabilitation,* 792 F.Supp. 59 (E.D.Mo.1992). To be "disabled" under the ADA requires that a person suffer "a physical or mental impairment that substantially limits one or more of the major life activities of such an individual." 42 U.S.C. § 12102(2)(A). *See also Welsh v. Tulsa,* 977 F.2d 1415 (10th Cir.1992). Despite the possibility that plaintiff may suffer from some impairment that limits his ability to work as a loader, this does not necessarily constitute a handicap under the ADA. *Welsh,* at 1419. Plaintiff bears the burden "to demonstrate that he is disabled in some more general sense transcending his specific job, [and to establish] that his limitations substantially impair a major life activity." *Bolton,* 836 F.Supp. at 788. Plaintiff fails to offer any evidence supporting this proposition; he simply makes conclusory allegations that his employer failed to provide reasonable accommodation. This level of proof is inadequate. Accordingly, the Court finds that plaintiff has failed to establish a prima facie case for discrimination under the ADA because he has not met the burden proving he is a "disabled person."

■ In addition, under the ADA, a "qualified individual with a disability" is one who "with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." 42 U.S.C. § 12111(8). Plaintiff states that he is unable to perform his duties at Canadian Valley and argues that a job transfer to the kitchen staff was required. However, the accommodation plaintiff suggests involves an alteration or reduction in his duties as applied to plaintiff, designation of a workload for the plaintiff that is lighter than with other employees similarly situated, or allowing plaintiff to bid for another unrelated job that he could perform. The law is clear that reallocation of job duties constitutes a change in the essential functions of his job and is not required under the ADA. *See* 29 C.F.R. pt. 1630, app. to pt. 1630, Interpretive Guidance on Title I of the Americans with Disabilities Act, § 1630.2(O) (reasonable accommodation), and *Gilbert v. Frank,* 949 F.2d 637, 644 (2d Cir.1991). Plaintiff has no absolute right to demand reassignment to a kitchen position. In sum, plaintiff has failed to offer any evidence, either direct or circumstantial, to support a finding of intentional discrimination based on disability.

■ A party resisting a motion for summary judgment must do more than make conclusionary allegations, he "must set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e); *Dart Indus., Inc. v. Plunkett Co.,* 704 F.2d 496, 498 (10th Cir.1983); *see Lake Hefner Open Space Alliance v. Dole,* 871 F.2d 943, 946 (10th Cir.1989) (plaintiff did not "by affidavits or ... otherwise ... set forth *specific* facts showing that there is a genuine issue for trial." (emphasis supplied)). The mission of the summary judgment procedure is "to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986) (quoting Advisory Committee Note to Fed.R.Civ.P. 56(e)). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party there is no 'genuine issue for trial,'" and summary judgment can be granted. *Id.,* at 587, 106 S.Ct. at 1356 (citation omitted). Under these circumstances, summary judgment can be granted. The burden on the moving party is only to point out that the records do not disclose a genuine issue on any material fact. *Celotex,* 477 U.S. at 323, 106 S.Ct. at 2552. It is sufficient to discharge the moving party's burden by showing the record does not contain a material issue and point out the part of the record supporting the assertion. Where, as here, the non-moving party has the burden of proving at trial the material issues, then the moving party is not required to "support its motion with affidavits or other similar materials *negating* the opponent's

450

claim." *Id.*, at 323, 106 S.Ct. at 2552. It is enough to show "that there is an absence of evidence to support the nonmoving party's case." *Id.*, at 325, 106 S.Ct. at 2554.

██ Once the moving party points out the absence of evidence to create a "genuine issue" of a "material fact" on which the non-moving party bears the burden of proof at trial, the Supreme Court imposes a burden on the non-moving party. The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586, 106 S.Ct. at 1355. The non-moving party must set forth specific facts showing there is a genuine issue for trial. *Anderson*, 477 U.S. at 248, 106 S.Ct. at 2510. "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Id.*, at 248, 106 S.Ct. at 2510.

Canadian Valley has supplied evidence that supports its contention that it made every effort to accommodate plaintiff's lifting limitations by assigning him light duty work. "At the summary judgment stage, a plaintiff who does not produce specific evidence to create an issue of material fact is not allowed to avoid summary judgment and go forward to trial." *Bolton*, 836 F.Supp. at 789–93. At this point in the proceedings, the conclusory allegations supplied by plaintiff are no longer sufficient to sustain this lawsuit. Therefore, defendant Canadian Valley's motion for summary judgment on plaintiff's ADA claim is GRANTED.

### Conclusion

The Court declines to exercise supplemental jurisdiction over the remaining claims which are founded on state law. 28 U.S.C. § 1367(c)(3).

In accordance with the foregoing, defendant's motion for summary judgment is granted with reference to the ADA claim, and all other claims are dismissed. A separate judgment shall enter accordingly.

IT IS SO ORDERED.